IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| LAYNE JAY HILLIER,<br><br>Petitioner,<br>vs.<br><br>CITY OF BILLINGS MUNICIPAL COURT,<br><br>Respondent. | Cause No. CV 26-75-BLG-SPW<br><br>ORDER |

Petitioner Layne Jay Hillier ("Hillier"), is a state defendant awaiting trial in the City of Billings Municipal Court on a charge of Driving Under the Influence ("DUI"). Hillier has filed a petition to challenge the ongoing proceedings via a petition for writ of habeas corpus relief pursuant 28 U.S.C. § 2254. (Doc. 1.)

The Court is required to screen all actions brought by prisoners who seek relief. 28 U.S.C. § 1915(a). The Court must dismiss a habeas petition or portion thereof if the prisoner raises claims that are legally frivolous or fails to state a basis upon which relief may be granted. 28 U.S.C. § 1915A(b)(1), (2). The Court must dismiss a habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 Governing Section 2254 Cases. As explained below, because Hillier's petition is unexhausted, it will be dismissed without prejudice.

**Background**

Hillier was charged on March 3, 2026, by the City of Billings for being involved in a motor vehicle accident while driving under the influence. (Doc. 1 at 1-2.) Hillier entered a not guilty plea and has apparently filed a motion to suppress and dismiss the matter. (*Id.* at 2-3.) Hillier states that the Municipal Court Judge has yet to rule on his pending motions; a bench trial is scheduled for November 18, 2026. (*Id.* at 3-4, 6.)

Hillier alleges that various officers violated his constitutional rights in conjunction with his seizure and subsequent arrest. (*Id.* at 5.) He alleges additional purported federal violations including: the violation of a presidential executive order, torture and extortion, as well as a violation of the Supremacy Clause. (*Id.* at 7-10.) Hillier states that he also intends to pursue a preliminary injunction, (*id.* at 11), although no separate document has been filed to that effect.

Hillier asks that this Court grant his petition and issue a preliminary injunction barring the present prosecution of his state charges. (*Id.* at 15.)

**28 U.S.C. § 2254 petition**

Federal courts have an independent obligation to examine their own jurisdiction and may not entertain an action in which jurisdiction is lacking. *Hernandez v. Campbell*, 204 F. 3d 861, 865 (9th Cir. 2000). This Court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody

pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges,* 423 U.S. 19, 21 (1975). Conversely, 28 U.S.C. §2241 "provides generally for the granting of writs of habeas corpus by federal courts, implementing 'the general grant of habeas authority provided by the Constitution.'" *Frantz v. Hazey*, 533 F. 3d 724, 735 (9th Cir. 2008 (en banc) (quoting *White v. Lambert*, 370 F. 3d 1002, 1006 (9th Cir. 2004). Section 2241 provides the authority for granting habeas relief to a person "who is not in custody pursuant to a state court judgment" but, rather, who is in custody for some other reason, such a pretrial detention or awaiting extradition. *White*, 370 F. 3d at 1006.

Hillier's present petition suffers from procedural defects. He improperly filed the petition under 28 U.S.C. § 2254, instead of § 2241. The determination under which provision a petitioner must proceed is a status inquiry directed to the source of petitioner's custody. Hillier is a pretrial defendant challenging his active state proceedings. Because he is not challenging a state judgment of conviction, he may not proceed under § 2254. Section § 2241 is the only potential avenue available for federal habeas relief. But even construing the filing as a § 2241 petition, Hillier is not entitled to relief.

"District Courts are authorized by 28 U.S.C. §2241 to consider petitions for habeas corpus." *Castro-Cortez v. INS*, 239 F. 3d 1037, 1047 (9th Cir. 2001), *abrogated on other grounds by Fernandez-Bargas v. Gonzales*, 548 U.S. 30 (2006). "That section does not specifically require petitioners to exhaust direct appeals before filing petitions for habeas corpus." *Id.*; *see also Liang v. Ashcroft*, 370 F. 3d 994, 1000-1001 (9th Cir. 1994). The principles of federalism and comity, however, require that this court abstain and not entertain a pretrial habeas challenge unless the petitioner shows: (1) exhaustion of available state judicial remedies, and (2) "special circumstances" warrant federal intervention. *Carden v. Montana*, 626 F. 2d 82, 83-4 & n.1 (9th Cir.), *cert. denied,* 449 U.S. 1014 (1980); *see also, Younger v. Harris*, 401 U.S. 37, 43-54 (1971); *Samuels v. Mackell*, 401 U.S. 66, 68-74 (1971)(under principles of comity and federalism, a federal court should not interfere with ongoing state criminal proceedings by granting injunctive or declaratory relief absent extraordinary circumstances).

On the face of his petition, Hillier acknowledges that he has not received a ruling on his pending pretrial motions, nor has he proceeded to trial. Similarly, he apparently has not attempted to present his claims and/or challenge his criminal proceedings in the state courts. *See generally*, (Doc. 1.) Thus, to the extent that Hillier presents claims that are cognizable in federal habeas, these claims are

unexhausted.

Moreover, the exception for "special circumstances" is limited to "cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown is federal injunctive relief against state prosecutions appropriate." *Perez v. Ledesma*, 401 U.S. 82, 85 (1971); *Carden*, 626 F. 2d at 84. Hillier's disagreement with the course of his municipal court proceedings and conclusory allegations in support thereof, are not the type of unusual circumstances that might justify an exception to *Younger* abstention. Hillier may attempt to obtain the relief he seeks via his pending municipal court proceedings, on direct appeal therefrom, or by filing an original habeas action in the state court.

Hillier has not exhausted his state court remedies, and his situation does not involve an adequately "unusual" circumstance. His petition will be dismissed without prejudice, allowing Hillier to return to this Court if and when he fully exhausts his claims.

**Certificate of Appealability**

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules governing § 2254 Proceedings. A COA should issue as to those claims on which a petitioner makes

a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

The claims Hillier attempts to present are unexhausted and do not meet the "unusual circumstances" exception to abstention. Accordingly, reasonable jurists would find no reason to encourage additional proceedings at this time. A certificate of appealability will be denied.

Based on the foregoing, the Court enters the following:

**ORDER**

1. Hillier's Petition (Doc. 1) is DISMISSED without prejudice.
2. The Clerk of Court is directed to enter a judgment of dismissal.
3. A certificate of appealability is DENIED.

DATED this 17th day of August, 2026.

Susan P. Watters
Susan P. Watters
United States District Court Judge